IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH BRIAN EDINBYRD, TDCJ No. 1486118, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:21-cv-1613-K-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Joseph Brian Edinbyrd, a Texas prisoner, was convicted, in Dallas County, of aggravated robbery with a deadly weapon, a firearm, and received a sentence of 60 years of imprisonment. *See State v. Edinbyrd*, F00-23208-VH (Crim. Dist. Ct. No. 1, Dallas Cnty.); Dkt. No. 3 at 2. This conviction and sentence were affirmed in 2008, and Edinbyrd did not petition the Texas Court of Criminal Appeals (the CCA) for discretionary review. *See Edinbyrd v. State*, No. 05-07-00942-CR, 2008 WL 1869859 (Tex. App. – Dallas Apr. 29, 2008, no pet.); Dkt. No. 3 at 3.

He did eventually seek state habeas relief as to this criminal judgment, but no sooner than 2020. *See Ex parte Edinbyrd*, W00-23208-H(A) (Crim. Dist. Ct. No. 1, Dallas Cnty.); Dkt. No. 3 at 51.

After the CCA denied Edinbyrd's state habeas application without written order on the trial court's findings without a hearing, *see Ex parte Edinbyrd*, WR-92,247-01 (Tex. Crim. App. May 5, 2021); Dkt. No. 3 at 3-4, he filed, *pro se*, his first application for a writ of habeas corpus under 28 U.S.C. § 2254, *see* Dkt. No. 3.

United States District Judge Ed Kinkeade referred the Section 2254 petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After examining the petition, the Court entered an order questioning whether it was timely, setting out the above chronology, but offering Edinbyrd an opportunity to respond through verified answers to the Court's interrogatories. *See* Dkt. No. 4. He responded. *See* Dkt. No. 5.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas petition with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

**Legal Standards**

Under Habeas Rule 4, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

And the Court may exercise this power to summarily dismiss Edinbyrd's

application with prejudice as time barred under Habeas Rule 4.

"[E]ven though the statute of limitations provision of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329. But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original). As set out above, the Court provided notice, and Edinbyrd responded. *Cf. Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is

met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[1]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[2]

---

[1] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

[2] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as

## Analysis

A state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Edinbyrd did not file a petition for discretionary review (PDR), the state conviction he now challenges through habeas became final under the AEDPA "upon the expiration of the time for seeking further review through the filing of a PDR," *Phillips v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)), which was thirty days after the Dallas Court of Appeals affirmed Edinbyrd's criminal judgment – or on May 29, 2008, *see Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006); *Roberts*, 319 F.3d at 694 (5th Cir. 2003); TEX. R. APP. P. 68.2.

---

opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

And, "[b]ecause his state habeas petition was not filed within the one-year period" that commenced on that date, "it did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))).

Accordingly, the Section 2254 application, filed on July 1, 2021, the date on which Edinbyrd certifies that he placed it in the prison mailing system,[3] *see* Dkt. No. 3 at 11, was filed more than twelve years too late.

The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

In support of timeliness, Edinbyrd argues that his efforts have been stymied by the COVID-19 global pandemic. *See* Dkt. No. 5 (indicating that the petition was not filed timely "due to Covid-19 and the effect it has had on the Texas Dept. of Criminal Justice and its population"). But Edinbyrd has not explained how the COVID-19 pandemic or restrictions that TDCJ has imposed to mitigate the spread of the novel coronavirus prevented him from timely seeking Section 2254 relief within one year from May 29, 2008.

The Court should therefore dismiss the Section 2254 petition with prejudice as time barred.

---

[3] *See* RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

**Recommendation and Directions to Clerk**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Joseph Brian Edinbyrd's 28 U.S.C. § 2254 habeas application with prejudice. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk shall serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 4, 2021

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE